ROSARIO T. GONZALEZ
2-01-18

FILED

2018 FEB -1 AM 10: 48

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 18MJ8146 |
|---|---|
| Plaintiff, | COMPLAINT FOR VIOLATION OF |
| v. | Title 8, U.S.C., Section 1324(a)(1)(A)(ii) Transportation of Illegal Alien (Felony) |
| Roberto LOPEZ-Mellan, | |
| Defendants. | **FIRST AMENDED COMPLAINT** |

The undersigned complainant being duly sworn states:

On or about January 22, 2018 within the Southern District of California, defendant, Roberto LOPEZ-Mellan, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens,

Constantino MORALES-Urbano,

Alejandro VALDEZ-Castro,

C,V.C,

Giovanni VARGAS-Palma

Page 1

had come to, entered or remained in the United States in violation of law, did transport or move, or attempted to transport or move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant states this complaint is based on the attached Statement of Facts, which is incorporated herein by reference.

_____
ANABEL HURTADO
BORDER PATROL AGENT

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 1st DAY OF FEBRUARY 2018.

_____
HON. PETER C. LEWIS
U.S. MAGISTRATE JUDGE

ROSARIO T. GONZALEZ
2-01-18

UNITED STATES OF AMERICA
v.
Roberto LOPEZ-Mellan

STATEMENT OF FACTS

This First Amended Complaint is being amended to reflect that Ernesto VALDEZ-Gonzalez is removed as a Material Witness. His name was removed from the Material Witness list on Page 7 of this Statement of Facts.

The complainant states this complaint is based upon statements in investigative reports by Border Patrol Agent (BPA) J. Bourque, that on January 23, 2018, Roberto LOPEZ-Mellan, a Mexican citizen, was arrested near Calexico, California while transporting five undocumented aliens in violation of Title 8, United States Code, Section 1324.

On January 23, 2018, at approximately 5:00 p.m. Calexico Remote Video Surveillance System (RVSS) operator BPA J. Maiga observed five individuals swim across the All American Canal and begin to run north towards Highway 98 (HWY 98). The All American Canal is an irrigation canal that runs parallel to the United States/Mexico International Boundary. BPA Maiga observed the individuals continue to run north before stopping on the south side of Highway 98 and conceal themselves in brush. BPA Maiga continued to maintain visual on the individuals.

At approximately 7:00 P.M. BPA Maiga observed a Sport Utility Vehicle, later identified as a white Ford Explorer, approach the area where the five individuals were hiding and stop on the side of HWY 98. BPA Maiga observed the five individuals run out of cover and quickly board the Ford. BPA Maiga then observed the Ford begin to drive eastbound on HWY 98. All of this information was relayed to BPAs in the field via service radio.

BPA J. Bourque and Bureau of Land Management Ranger (BLMR) J. Castro responded to the location in their marked service vehicles fully equipped with emergency lights and sirens. BPA Bourque observed the Ford pass his location and BPA Bourque and BLMR Castro positioned their service vehicles behind the Ford and activated their emergency lights and sirens to signal for the Ford to stop, which it did not. BPA Bourque relayed the failure to yield to BPAs in the field via service radio.

BPA A. Madden, who was monitoring the pursuit on his service radio, positioned himself next to HWY 98 and deployed his service issued Controlled Tire Deflation Device (CTDD) on the road. The Ford drove over the CTDD and continued to drive east on HWY 98 and eventually enter Interstate 8 (I-8) westbound. BPA Bourque and BLMR Castro continued to follow the Ford as the left rear tire eventually fell off and began to swerve and drive in a reckless fashion. BPA H. Hacegaba, who was monitoring the pursuit on his service radio,

positioned himself next to I-8 and was able to deploy his service issued CTDD on the Ford. BPA Bourque and BLMR Castro continued to pursue the Ford for approximately .25 mile until it suddenly pulled off of I-8 and crashed through a barbed wire fence and came to a stop.

BPA Bourque and BLMR Castro approached the Ford as the driver, later identified as LOPEZ, exited the Ford and began to run north into the desert. After a short chase through the desert, BPA Bourque and BLMR Castro were able to detain LOPEZ. BPA Bourque identified himself as a BPA and questioned him as to his citizenship. BPA Bourque determined LOPEZ is a Mexican citizen without the proper immigration documentation to enter, reside, or work in the United States legally. BPA Madden identified himself as a BPA and questioned the five individuals in the Ford. BPA Madden determined the five occupants, later identified as,

Constantino MORALES-Urbano (MORALES),

Alejandro VALDEZ-Castro (A. VALDEZ),

C.V.C.

Ernesto VALDEZ-Gonzalez (E. VALDEZ),

Giovanni VARGAS-Palma (VARGAS)

to be citizens of Mexico without the proper immigration documentation to enter, reside, or work in the United States legally.

LOPEZ was arrested for Title 8, United States Code, Section 1324, Alien Smuggling. The other five occupants were arrested for Title 8, United States Code, Section 1325, Illegal Entry into the United States.

LOPEZ was read his rights as per Miranda. LOPEZ stated he understood his rights and was willing to give a statement without the presence of an attorney. LOPEZ stated he was getting paid $300.00 USD per illegal alien. LOPEZ stated he was contacted by a known smuggler and was instructed to pick up illegal aliens on HWY 98. LOPEZ stated he received a call from the known smuggler instructing him to stop where the illegal aliens were hiding. LOPEZ stated that he stopped, waited for the illegal aliens to board the vehicle and continued eastbound towards I-8. LOPEZ stated that soon after the aliens got into the vehicle BPAs were behind him with their emergency lights on. LOPEZ stated that he panicked and did not stop. LOPEZ stated that the tires of the vehicle he was driving were deflated by BPAs. LOPEZ then stated when he came to a stop he ran out of the vehicle and attempted to hide.

Material Witnesses; MORALES, A. VALDEZ, C.V.C., E. VALDEZ and VARGAS stated that they made arrangements in Mexico to be smuggled into the United States for an amount of $3,000.00 to $5,000.00 USD.

All Material Witnesses were shown a six pack photo lineup containing a photograph of the driver, LOPEZ. Material Witnesses A. VALDEZ, C.V.C., E.

VALDEZ and VARGAS were able to identify photo #3 in lineup B as the driver of the vehicle that picked them up. Photo #3 depicts LOPEZ.

The complainant states the name of the Material Witnesses are as follows:

| **NAME** | **PLACE OF BIRTH** |
|---|---|
| Constantino MORALES-Urbano, | MEXICO |
| Alejandro VALDEZ-Castro, | MEXICO |
| C.V.C. | MEXICO |
| Giovanni VARGAS-Palma | MEXICO |

Further, complainant states that the Material Witnesses are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.